East'n. District.
*May* 1825.

MORGAN
*vs.*
MITCHELL.

*It is not a good defence against the claim of a sheriff for fees of office, that he has not resided within the state during the time the services were rendered.*

*Where one charges the other with a culpable breach of duty, he is bound to prove it, tho' it involve a negative.*

*If slaves be committed as felons and runaways, an acquittal of them as felons, does not authorise a discharge of them as runaways.*

*It is not a good defence the slaves were not kept in close custody.*

*If a sheriff fail to advertise runaway slaves, he cannot recover his legal fees, but he may recover the value of his services, if the*

## MORGAN vs. MITCHELL.

APPEAL from the court of the fourth district.

PORTER, J. delivered the opinion of the court. The petitioner claims $432 87 cents, which he avers the defendant owes him for clothing, sustenance, and medical aid, furnished two of his negroes from the 29th day of May, 1820, until the 25th of March, 1822, being the time they were confined in the jail of Point Coupée, of which parish the plaintiff avers he is sheriff; and also moneys paid for taking up the said slaves, and for advertising them according to law.

The defendant pleads,

1. The general issue.

2. That the plaintiff did not reside within the state, during the time for which he claims remuneration for keeping the slaves.

That he was not during the same period sheriff of Point Coupée.

4. That if he ever was sheriff, he forfeited the office in consequence of not furnishing bond with security, on the first Monday of May, 1820, nor at any other time during that year; and by not causing the said bond to be recorded according to law.

5. By a similar neglect in the year 1821.

6. That the plaintiff held the negroes mentioned in the petition, illegally and contrary to law, to the damage of the defendant, for which he prays judgment.

7. That the slaves were taken up on a criminal accusation and the defendant is not responsible unless they were convicted.

8. That the slaves were not detained in due custody as the law directs.

9. That the matters and things at issue in this action have already been adjudicated on and therefore cannot be examined again.

And 10th, and finally, that if any thing be due the plaintiff, he owes the defendant a larger sum, as already stated.

To these objections the following have been added in this court.

1. The plaintiff did not furnish the security required by law to entitle him to maintain this action.

2. That he did not advertise the negroes according to law.

3. Sheriffs are entitled to recover no other fees for keeping and maintaining runaway slaves than such as are duly fixed by the police jury, and their ordinances for that pur-

East'n. District.
May 1825.

MORGAN
vs.
MITCHELL.

owner knew of their confinement and refused to take them out.

Cause will not be remanded for an error on the trial, which could not have affected the merits.

MORGAN
*vs.*
MITCHELL.

pose must be promulgated. 2 *Martin Dig* 514, 516, 3 *ibid* 302, 2 *Martin Rep*, 455.

4. No amicable demand was made, and the court below erred in giving judgment, *with costs.*

The 1st, 2d, and 3d grounds of defence presented in the answer cannot be sustained. The evidence shews how little ground there is for the general issue. Whether the plaintiff resided in the state or not, during the whole period the slaves were in confinement, is a question with which the defendant has nothing to do. The commission produced and read in evidence on the trial, proves there was no foundation for the objection, that the plaintiff was not sheriff of Point Coupée.

As little do we consider the defendant supported in his 4th and 5th pleas. The general rule of evidence is that where one charges another with a culpable omission or breach of duty, the person who makes the charge is bound to prove it, though it may involve a negative; it being one of the first principles of justice not to presume a person has acted illegally, until the contrary is proved. The defendant charges here a breach of duty, and he has offered no evidence to sustain the charge,

though such evidence was within his power by calling on the persons who are directed by law to take these bonds, and with whom they are to be deposited. *Philip on Ev.* (*ed.* 1821) 150. 9 *Martin*, 49.

VI. There is no evidence the plaintiff held the negroes contrary to law. They were delivered to him as runaways; and it was his duty to receive them.

VII. The slaves were not committed for felony alone, but as felons and runaways. The want of evidence to establish they were the former, did not necessarily acquit them of being the latter, and the sheriff was bound to keep them in custody as runaways.

VIII. Whether the slaves were kept in *close* custody or not, cannot affect the plaintiff's right of action, though it may, according to circumstances, diminish the amount he ought to recover. The sheriff let them out on his own responsibility.

IX, There is not the slightest foundation for this objection. The right to *retain money* in the plaintiff's hands to satisfy this demand, was the only point decided by the court. This does not furnish the plea of *res judicata*, as to whether any thing, or how much be due the plaintiff.

X. There is no evidence in the record the plaintiff is indebted to the defendant.

The first point made in this court, in relation to the want of security, has been already disposed of. The second, that he did not advertise the negroes, requires more particular notice. The fact of his not having done so, is clearly established. But it is in proof, the defendant, who visited the parish where the slaves were confined, had personal knowledge of their being taken up as runaways and thrown into prison; and that he declared he had no claim to them. Under these facts the defendant called on the judge, to charge the jury, that the plaintiff could not recover. The court in compliance with this request, did charge the jury that the plaintiff could not recover as sheriff; but added, they might find for him on a *quantum meruit.* The opinion of the judge *a quo* is complained of by both parties. It appears to us, however correct. The plaintiff's right to the compensation given by law *for his services as a public officer*, is necessarily dependant on *his having performed those services according to law.* If he varies from the direction prescribed by the statute, he cannot claim under it. But although not entitled to the fees

given by it, he is still entitled to remuneration
if he has benefitted the defendant by clothing
and feeding his negroes; and what the amount
of that remuneration should be, the judge put
fairly to the jury, by telling them they should
find for the plaintiff what his services were
worth.

This opinion renders it unnecessary to enter
into the question, whether a sheriff can recover
any other fees but those which are fixed by the
police jury.

In addition to all these objections, the record
presents another on the part of the defendant.
It appears that one of the negroes was let out
of jail for some time, and placed on the planta-
tion of a planter in the parish.    The reason as-
signed by the plaintiff for his having made this
disposition of the slave was, that he was sick.
On the trial the plaintiff was permitted to in-
terrogate the person at whose house he was, as
to the conversation that passed between wit-
ness and the deputy sheriff, at the time the lat-
ter delivered the slave.    To the opinion of the
court permitting him to do so, the defendant
excepted.    The whole of this witnesses evi-
dence comes up on the record, and the only
conversation he relates, is, that having under-

East'n. District,
May 1825.

MORGAN
vs.
MITCHELL.

stood the reason for sending the negro to his house, was that he was sick, he told the deputy sheriff he would feed him and cloth him as his own negroes, and set him to work when able. What the witnesses motives were for taking the slave, could not in any respect have varied the legal rights of plaintiff & defendant, and it being very clear it could not have influenced the minds of the jury, it is unnecessary to remand the cause for a new trial on this ground.

Several bills of exceptions were taken during the trial, by the plaintiff, which it is unnecessary to notice particularly, They present nothing which can affect our judgment on the merits, and the appellee has not asked the cause to be remanded.

The suit does not appear to have been brought without a demand. The pleadings and evidence shew these costs had been demanded, and contested by defendant, before the institution of this action.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.

*Watts* and *Lobdell* for the plaintiff. *Workman* for the defendant.